UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN BROWN,

    Plaintiff,

v.

JAMES RAUTH et al.,

    Defendants.

Civ. No. 15-1764 (KM) (MAH)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Steven Brown, was a pretrial detainee at the Passaic County Jail in Paterson, New Jersey when he commenced this action. He is proceeding pro se with a civil rights complaint filed under 42 U.S.C. §§ 1983, 1985, and 1986. This Court previously granted Mr. Brown leave to proceed *in forma pauperis*. (ECF No. 2.)

This Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice.

## II. BACKGROUND

The allegations of the complaint will be construed as true for the purposes of this opinion. The complaint names five defendants: (1) James Rauth; (2) Steven Tallard; (3) Alexander J. Falbo; (4) David Thomas; and (5) James Plousis. All five defendants are officers, supervisors, or executives with the New Jersey State Parole Board.

Mr. Brown claims that the defendants violated his constitutional rights between June 7, 2012 and June 15, 2012. Mr. Brown was previously convicted of a sexual offense and was arrested for violating the terms of his supervised release. Mr. Brown alleges that the defendants conspired to violate his constitutional rights to due process and equal protection by illegally searching some of his items, specifically several computer devices. Mr. Brown's complaint also seems to assert state-law claims for infliction of emotional distress. Mr. Brown seeks compensatory and punitive damages from defendants, as well as attorneys' fees.

### III. LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

A separate cause of action for a conspiracy to deprive a person of constitutional or legal rights exists under 42 U.S.C. § 1985. Stating such a claim requires a plaintiff to plead four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunity under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828–29 (1983); *see* 42 U.S.C. § 1985(3). To establish that the conspiracy's purpose was to deprive a person of equal protection of the laws, the plaintiff must show that it was motivated by discriminatory animus as to race, gender, or some other class. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Under 42 U.S.C. § 1986, a plaintiff may assert a distinct action against a defendant who knew of a § 1985 conspiracy, had the power to prevent it, and failed to do so. 42 U.S.C. § 1986; *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 222 n.28 (1970); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 223–24 (3d Cir. 2015).

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), a district court must review a prisoner complaint when the prisoner (1) is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), (2) seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A, or (3) asserts a claim concerning prison conditions, *see* 42 U.S.C. § 1997e(c). The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam); *see also Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017) (per curiam). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV.  DISCUSSION

Mr. Brown's claims concern handling of evidence seized upon his arrest and, specifically, efforts to have his computers and related devices forensically examined in June

2012.[1] Mr. Brown complains of the search of his property, and he seems also to assert claims for emotional distress. Mr. Brown alleges that defendants conspired to deprive him of his constitutional rights.

### A. Claims Against Defendants Rauth, Tallard, Thomas, and Plousis

As a preliminary matter, Mr. Brown's complaint includes large swathes of repetitive and entirely conclusory allegations against the various defendants. (*See* ECF No. 1, at 4–13.) Using the same generic language, Mr. Brown alleges that each defendant violated his constitutional rights by participating in, or failing to halt, a conspiracy to submit illegally obtained or tampered evidence to the state court that heard charges of a parole violation against Mr. Brown. (*Id.*) These sections of his complaint include virtually no factual allegations, and do not meet the pleading standard recognized by the Supreme Court in *Iqbal* and *Twombly*. These conclusory allegations, to the extent they can be considered claims at all, must be dismissed for failure to state a claim.[2] As Mr. Brown alleged no other facts as to defendants Rauth, Tallard, Thomas, and Plousis, they shall be dismissed as defendants to this action.

### B. Claims Against Defendant Falbo

Mr. Brown does include two and a half pages of factual allegations at the end of his complaint, all of which pertain to defendant Falbo's efforts, between June 7, 2012 and June 15, 2012, to procure forensic examinations of two laptops, an iPod, and an SD card seized from Mr.

---

[1] Mr. Brown additionally commenced several other actions relating to his initial arrest and the seizure of his property, which occurred in May 2012. *See Brown v. Cantineri*, Civ. A. No. 14-6391 (KM) (JBC) (D.N.J.); *Brown v. Schreck*, Civ. A. No. 14-7335 (KM) (JBC) (D.N.J.); *Brown v. James*, Civ. A. No. 14-7674 (KM) (MAH) (D.N.J.).

[2] The Court will also disregard any allegations in the complaint concerning parole officers Melissa Cantineri and Laura Schreck, who have been named as defendants in other actions commenced by Mr. Brown, but whom he did not name as defendants in this action.

5

Brown's home.[3] (ECF No. 1 at 15–17.) These claims will be dismissed without prejudice because it appears from the face of the complaint that they are barred by the statute of limitations.

Claims under §§ 1983 and 1985 are subject to New Jersey's two-year statute of limitations for personal-injury claims. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)); *Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 349 (D.N.J. 2015) (citing *Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir. 2011) (per curiam)). The date when such a cause of action accrues, however, is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

A Fourth Amendment claim for unreasonable search accrues, and the statute of limitations begins to run, at the time of the search. *See Voneida v. Stoehr*, 512 F. App'x 219, 221 (3d Cir. 2013) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam); *Castro v. Perth Amboy Police Dep't*, Civ. A. No. 13-3376 (MAS), 2014 WL 229301, at *3 n.1 (D.N.J. Jan. 21, 2014). A claim of conspiracy in violation of § 1985 accrues at the time of the last overt act that formed part of the alleged conspiracy. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989).

---

[3] These factual allegations are essentially a rephrasing of the content of a Supplementary Investigation Report prepared by Falbo, dated June 19, 2012, which Mr. Brown included as an exhibit to his complaint. (ECF No. 1-1.)

Mr. Brown's unlawful search claims in this action thus accrued no later than the date of the search requested by Falbo, which Mr. Brown's exhibit indicates was completed no later than October 11, 2012. His § 1985 claim against Falbo must be considered to have accrued upon the last alleged overt act against Falbo, and Mr. Brown includes no allegations as to Falbo citing any date later than June 15, 2012. Accordingly, the two-year statute of limitations had begun to run by those dates and expired no later than June 15, 2014 and October 11, 2014, respectively. Mr. Brown's complaint is deemed filed in February 2015 pursuant to the prisoner "mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 270–71 (1988), or some four months after expiration of the later limitations cutoff.[4] To the extent that Mr. Brown's complaint may be read as asserting a claim under 42 U.S.C. § 1986, it would be even more untimely, given the one-year limitations period for such claims. *See* 42 U.S.C. § 1986; *Burnett v. Grattan*, 468 U.S. 42, 61 (1984).

I also consider, however, whether the limitations period was suspended or tolled. "'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185).

Statutory tolling under New Jersey must be based on one of the enumerated grounds. *See, e.g.*, N.J. Stat. Ann. § 2A:14-21 (minority or insanity); N.J. Stat. Ann. § 2A:14-22 (non-residency of persons liable). Nothing in the complaint, however, supports any of the statutory bases for tolling.

Equitable tolling under New Jersey law may arise

> where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented

---

[4] To whatever extent Mr. Brown also asserts a claim for infliction of emotional distress, such claims are also subject to a two-year statute of limitations in New Jersey. *See Agcaoili v. Thayer*, 365 F. App'x 372, 375 (3d Cir. 2010) (per curiam).

7

> from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.

*Cason v. Arie Street Police Dep't*, Civ. No. 10–497 (KSH), 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (quoting *Freeman v. State*, 347 N.J. Super. 11, 31 (Super. Ct. App. Div. 2002)). Again, the complaint does not articulate any basis for equitable tolling.

It is therefore apparent from the face of the complaint that the claims against Falbo are barred by the statute of limitations and must be dismissed. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim."); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable statute of limitations has run.").

It is possible, however, that the plaintiff may be able to plead facts to support an argument for tolling of the limitations period. Thus, these claims are dismissed without prejudice to the filing of an amended complaint that asserts a claim that falls within the two-year statute of limitations. Any such amended complaint should be filed within 30 days after the entry of this Opinion and accompanying Order.

## V. CONCLUSION

For the foregoing reasons, Mr. Brown's claims in this matter against defendants Rauth, Tallard, Thomas, and Plousis are dismissed without prejudice as they fail to state a claim with sufficient specificity, and Mr. Brown's claims against Falbo are dismissed without prejudice as barred by the applicable statute of limitations.

DATED: November 2, 2017

KEVIN MCNULTY
United States District Judge